UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIGARETTE KING and SHAUKAT "SAL" MAREDIA,<br><br>    Plaintiffs,<br><br>    v.<br><br>PHILIP MORRIS USA, and DOES 1 through 10, inclusive,<br><br>    Defendants. | 1:05-cv-00393  OWW SMS<br>1:05-CV-00402  OWW SMS<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S REQUEST FOR LEAVE TO AMEND |

## I.  INTRODUCTION

This memorandum decision and order relates to two cases with the same parties and identical issues that were consolidated under Case No. 1:05-cv-00393.  Defendant Philip Morris USA, Inc. ("Defendant" or "Philip Morris") moves to dismiss the Complaints of Plaintiffs Cigarette King and Shaukat "Sal" Maredia's ("Plaintiffs").  (Doc. 11, Def.'s Mem.).[1]  Plaintiffs do not oppose the motions and request leave to amend.  (Doc. 20, Pl.'s

---

[1] All citations are to Documents filed in the surviving case (i.e., Case No. 1:05-00393).

1

Response).  Defendant opposes Plaintiffs' request for leave to amend.  (Doc. 21, Def.'s Reply).

## II.   **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs filed their original Complaints *pro se* in the Superior Court of California, County of Kern and in the Superior Court of California, County of Tulare on February 3, 2005.  (*See* Case Nos. 1:05-cv-00393, 1:05-cv-00402, Doc. 1, Notice of Removal, Ex. A).  Philip Morris removed the cases to federal district court on March 3, 2005, based on diversity of citizenship.  (*Id*. at ¶ 4).  On March 28, 2005, Philip Morris moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 11, Def.'s Mem.).

On May 10, 2005, Plaintiffs filed a Response to Philip Morris' Motion to Dismiss.  (Doc. 20, Pl.'s Response).  The "Response" is a non-opposition to Philip Morris' motion and a request for leave to amend.  (*Id*. at 3 ("Plaintiff respectfully requests that Defendants [sic] Motion be sustained and that the Court grant Plaintiff sufficient leave to properly amend the Complaint as to any causes of action, the allegations constituting such cause of action and/or the prayer for damages, as appropriate.")).  Philip Morris opposes the request for leave to amend.  (Doc. 21, Def.'s Reply).

This breach of contract action arises out of Plaintiffs' allegation that Philip Morris breached its agreement with Plaintiffs to pay for merchandise, including "tobacco, supplies, promotional allowances and merchandise payments."  (*See* Case No.

1:05-cv-00402, Doc. 1, Compl. ¶¶ 5, 6, 8, 10, 12). Plaintiffs' claims in Case No. 1:05-cv-00402 relate to three "Cigarette King Retail Tobacco Stores" located in Bakersfield, California. (*See id*. at Ex. A). Plaintiffs claim Philip Morris owes them approximately $262,676.00 for merchandise relating to the Bakersfield stores.

Plaintiffs filed an identical Complaint against Philip Morris in the Superior Court of California, County of Tulare, on February 3, 2005. (*See* Case No. 1:05-cv-00393, Doc. 1, Notice of Removal, Ex. A Tulare Compl. at Ex. A). The Tulare County Case relates to "Cigarette King Retail Tobacco Stores" located in Visalia, California, and another store located in Porterville, California. Plaintiffs allege that Philip Morris owes them $74,184.00 as to the Visalia and Porterville stores. (*Id*. at Ex. A, Tulare Compl. ¶¶ 5, 6, 8, 10, 12).

Oral argument was heard on May 23, 2005. (Doc. 23, Minutes). Mr. Shaukat Maredia appeared *pro se*. Steven S. Spaulding, Esq., appeared on behalf of Defendant. At oral argument, Case No. 1:05-cv-00393 and 1:05-cv-00402 were consolidated for all purposes under Case No. 1:05-cv-00393. This memorandum decision relates to the Complaints for both cases.

### III.   LEGAL ANALYSIS

**A.   Legal Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).**

Plaintiffs do not oppose Defendant's Motion to Dismiss and request leave to amend.

**3**

Plaintiff Mr. Maredia is a *pro se* litigant.  The court has a "duty...to construe *pro se* pleadings liberally."  *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (citing *Hamilton v. U.S.*, 67 F.3d 761, 764 (9th Cir. 1995) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted)).  The pleadings of *pro se* litigants "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes*, 449 U.S. at 10 (quotation omitted).  A *pro se* litigant should be given leave to amend after the deficiencies in the complaint have been explained, unless there are no facts alleged that would entitle the litigant leave to amend.  *Eldridge v. Block*, 832 F.2d 1132, 1135-6 (9th Cir. 1987); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

Fed. R. Civ. P. 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party."  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

"The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

**4**

unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted). For example, matters of public record may be considered, including pleadings, orders and other papers filed with the court or records of administrative bodies. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.   Standing.**

Philip Morris argues that Plaintiff's Complaints should be dismissed because Plaintiffs fail to properly allege standing. (Doc. 10, Def.'s Mem. 3). Standing to sue is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the United States Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish a "case or controversy" within the meaning of Article III, a plaintiff must establish three elements:  (1) an injury in fact; (2) a causal connection between the injury and defendant's conduct or omissions; and (3) redressability, or the likelihood that the injury will be redressed by a favorable decision. *Id*. at 560-1. In addition to these requirements, the doctrine of standing is also based on "prudential considerations," including that the alleged injury be in the plaintiff's own interest, as opposed to

5

in the interest of some third party. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 124 S.Ct. 2301, 2308-9 (2004).

Philip Morris does not argue that Plaintiffs have failed to establish an injury-in-fact, causation, or redressability. Such arguments pertain to the accuracy of Plaintiff's allegations (rather than to their sufficiency) and would therefore be properly addressed by a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Stevens v. Harper*, 213 F.R.D. 358, 370 n. 12 (E.D. Cal. 2002) ("[T]he proper vehicle for contesting a court's subject matter jurisdiction, including the plaintiff's lack of standing, is Rule 12(b)(1)."). Instead, Philip Morris argues that Plaintiff's Complaints should be dismissed pursuant to Rule 12(b)(6) for a failure to sufficiently *allege* standing. When a motion to dismiss challenges the sufficiency of the allegations, the motion is properly brought under Rule 12(b)(6) or 12(b)(1). *See id*. (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "[W]here a defendant contends that the complaint 'simply fails to allege facts upon which subject matter jurisdiction can be based,' the court must assume that all facts alleged in the complaint are true; thus, 'the plaintiff, in effect, is afforded the same procedural protection' under Rule 12(b)(1) as he would receive on a 12(b)(6) motion." *Id*. (quoting *Adams*, 697 F.2d at 1219).

Prudential considerations require a court to gauge a party's standing or capacity to sue through consideration of the specific common law, statutory, or constitutional claims that a party

**6**

presents; i.e., "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984). Plaintiffs' claims here arise out of an alleged breach of contract. Philip Morris argues that Plaintiffs fail to allege facts supporting their standing to sue because the contract attached to Plaintiffs' Complaint "is devoid of <u>any</u> reference to Mr. Maredia or Cigarette King." (Doc. 11, Def.'s Mem. 3-4 (emphasis in original)). Furthermore, Philip Morris notes that the contracts attached to the Complaints are between Philip Morris and Wonder Cigarettes; the contracts were executed by a person named Masoud Abbasi on behalf of Wonder Cigarettes; and the address listed in the contract does not match the addresses of the stores alleged in the Complaints.[2] (*Id.*).

Philip Morris argues that Plaintiffs's allegations are not clear as to "whether [Plaintiffs] are the real parties in interest in this matter, or whether Wonder Cigarettes is the real party in interest." (*Id.* at 4). Philip Morris cites Fed. R. Civ. P. 17(a) in support of its argument, which provides that "[e]very action shall be prosecuted in the name of the real party in interest." Rule 17(a) further provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of

---

[2] The handwritten portions of what appears to be a Philip Morris standard form contract (attached to Plaintiffs' Complaints at Exhibit C) are almost illegible. During oral argument, counsel for Philip Morris stated that Philip Morris was not able to locate the contract.

7

the action by, or joinder of substitution of, the real party in interest...."

Plaintiffs allege that they "entered into a contract (Attached Exhibit "C") with Phillip [sic] Morris USA...." (Doc. 1, Compl. ¶ 12).  The contracts to which the Complaints refers are almost illegible, although they appear to name "Wonder Cigarettes" as a party.  A plaintiff must allege facts supporting its standing to sue, including that it is the correct plaintiff.  Plaintiffs' allegations, viewed in light of the contracts attached to Plaintiffs' Complaints, are ambiguous at best and are not sufficient to establish that Plaintiffs are the correct parties in interest.

Plaintiffs do not oppose Defendants' motion to dismiss. Plaintiffs instead request leave to amend their Complaints. During oral argument, Plaintiff Mr. Maredia stated that "Wonder Cigarettes" is a fictitious name and that he possesses and can produce a contract that names himself and/or Cigarette King as a party.  Fed. R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[3]  The propriety of a motion for leave to

---

[3] Plaintiffs cite Cal. Civ. Proc. § 472 in support of its request for leave to amend.  (*See* Doc. 18, Pl.'s Non-Opposition). Federal district courts sitting in diversity apply the substantive law of the forum state, but apply procedural rules as stated in the Federal Rules of Civil Procedure.  *Erie R.R. Co. v. Tompkins*, 30 U.S. 64, 78 (1938).  Fed. R. Civ. P. 15(a) therefore governs Plaintiffs' request to amend.  The sections of the California Code of Civil Procedure that Plaintiffs cite do not apply.

8

amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Philip Morris opposes Plaintiffs' request for leave to amend. (Doc. 21, Def.'s Reply). Philip Morris argues that Plaintiffs' Complaints should be dismissed without leave to amend because Plaintiffs' Response does not explain how it intends to cure the defects in its Complaints. (*Id*. at 1). Philip Morris' argument against granting leave to amend is not persuasive in view of clear Ninth Circuit precedent that a *pro se* litigant must be given leave to amend after the deficiencies in the complaint have been explained, unless there are no facts on which a claim could succeed. *Eldridge*, 832 F.2d at 1135-6; *Ramirez*, 334 F.3d at 861. In addition, Philip Morris does not explain why amendment would be futile and does not argue that Plaintiffs' request would cause undue delay, that it is the result of bad faith, or that granting leave to amend would cause Philip Morris prejudice.

Philip Morris' only argument against granting leave to amend is that no weight should be given to Plaintiff's argument that he is without counsel, and cites the Court's Informational Order that requires *pro se* plaintiffs to adhere to the same legal standards as all other parties appearing before the court. (*Id*. at 2). However, Philip Morris fails to identify a single Local Rule, Federal Rule of Civil Procedure, or Order with which Plaintiff has not complied. This demonstrates a lack of

9

knowledge of the law regarding *pro se* pleadings and the precedence the Federal Rules of Civil Procedure take over local court rules.

Philip Morris' argument for dismissal is that Plaintiffs do not have standing because they fail to plead facts supporting that they are the parties in interest. Defendant cites Fed. R. Civ. P. 17(a) in support of its argument, which requires that an action be brought by the real party in interest. However, Fed. R. Civ. P. 17(a) further provides that no action shall be dismissed because it is not prosecuted by the correct party in interest until a reasonable time has been allowed for the real party in interest to commence the action.

Defendant's Motion to Dismiss Plaintiff's Complaints on the grounds of failure to allege standing to sue is **GRANTED** with leave to amend.

### 2. Requirement for Corporation to be Represented by Counsel.

Philip Morris also argues that Plaintiff Cigarette King be dismissed from the matter because it is not represented by an attorney. Plaintiffs' Complaints do not specify what type of entity Plaintiff Cigarette King claims to be. Assuming Cigarette King is a corporation, the rule is that a corporation can only appear in court through a licensed attorney. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see also Merco Constr. Engineers, Inc. v. Municipal Ct.*, 21 Cal.3d 724, 730 (1978); *Thomas G. Ferruzo, Inc. v. Super. Ct.*,

**10**

104 Cal. App. 3d 501, 502 (1980).

Plaintiff Mr. Maredia stated during oral argument that Cigarette King is a fictitious name.  Plaintiff was informed that the proper way to name such an entity use the phrase "doing business as" or "dba."  Plaintiff was also informed that he must properly identify all parties named in the complaint.

Philip Morris' Motion to Dismiss Cigarette King as a plaintiff on the grounds it is not properly identified in the pleading is **GRANTED** with leave to amend.

### IV.   CONCLUSION

For all the foregoing reasons, Defendant's Motions to Dismiss Plaintiff's Complaints are **GRANTED** with leave to amend.  Plaintiffs shall have 30 days following the date of service of this order to file an amended complaint. Defendant shall have 30 days following service of the amended complaint to respond.

**SO ORDERED.**
**DATED: June 15, 2005.**

　　　　　　　　　　　　　　　　　　　　　/s/ OLIVER W. WANGER

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

11