UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUKAT "SAL" MAREDIA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PHILIP MORRIS USA INC., et al.,<br><br>　　　　　Defendants.<br>─────────────────────────<br>PHILIP MORRIS USA INC.,<br><br>　　　　　Counter-Claimant,<br><br>　v.<br><br>SHAUKAT "SAL" MAREDIA,<br><br>　　　　　Counter-Defendant.<br>─────────────────────────| 1:05-cv-00393-OWW-SMS<br><br>ORDER GRANTING THE MOTION OF CHARLES L. DOERKSEN TO WITHDRAW AS ATTORNEY OF RECORD (DOC. 51)<br><br>DIRECTIONS TO CLERK TO UPDATE THE DOCKET<br><br>INFORMATIONAL ORDER TO PLAINTIFF |

　　Plaintiff and Counter-Defendant Saukat "Sal" Maredia is proceeding with a civil action in this Court. Plaintiff's counsel has filed a non-dispositive motion that has been referred to the Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

　　The notice of motion and motion of Charles L. Doerksen to withdraw as attorney of record for Plaintiff Shaukat "Sal" Maredia was filed on February 2, 2006, along with a declaration

1

of Charles L. Doerksen and a memorandum in support of the motion. Proof of service indicates that the documents were served by mail and by facsimile transmission on February 2, 2006, on Plaintiff Maredia at the address and telephone number that counsel identifies in his declaration as belonging to Plaintiff. On February 23, 2006, Defendant Philip Morris USA Inc. filed non-opposition to the motion to withdraw. The hearing on the motion was originally set for March 17, 2006; however, the hearing was vacated, and the motion was submitted on the pleadings.

I. <u>Background</u>

This action was removed to this Court on March 24, 2005. Discovery is proceeding and is due to be completed by September 29, 2006. Defendant's motion to compel further responses to interrogatories and requests for production and for sanctions and notice thereof is set to be heard on March 24, 2006.

II. <u>The Motion to Withdraw as Attorney of Record</u>

Attorney Charles L. Doerksen, the moving party, declares that in addition to the mail and facsimile service of the motion and supporting papers on Plaintiff on February 2, 2006, Doerksen also spoke with Plaintiff by telephone that day and informed him of the motion and of the date set for hearing. Further, after undisclosed issues arose between counsel and his client over the month preceding the filing of the motion, Doerksen asked Plaintiff if he could withdraw, and Plaintiff agreed. Doerksen has submitted a copy of a substitution of attorney form that Plaintiff Maredia signed and dated January 26, 2006. The complaint attached to the notice of removal indicates that Plaintiff Maredia is an adult individual, and the other named

2

Plaintiff, Cigarette King, constitutes tobacco stores owned by Plaintiff Maredia.

The grounds of the motion are the mutual consent of the party and the moving attorney.

Local Rule 83-182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Rule 3-700(C)(5) of those rules permits withdrawal if the client knowingly and freely assents to termination of the employment. Here, the client's consent is established by counsel's declaration that the client consented, and the lack of any opposition to the motion by Defendants.

Good cause having been shown, and in view of the lack of opposition to the motion, the motion of Charles L. Doerksen to withdraw as counsel for Plaintiffs IS GRANTED.

    III. <u>Direction to the Clerk of the Court to Update the Docket to Reflect Plaintiff's Pro Se Status and Address</u>

Further, because the withdrawal of counsel results in Plaintiff's proceeding pro se in this action, the Clerk of Court IS DIRECTED TO UPDATE the docket to reflect Plaintiff's pro se status and Plaintiff's last known address of 13200 Seann Court, Bakersfield, California 93314, telephone (661) 304-2790, Fax (661) 206-6062.

    IV. <u>Informational Order to Plaintiff re: Compliance with the Scheduling Order and the Local Rules</u>

**Plaintiff is advised that failure to take appropriate legal action may result in serious legal consequences, and consideration of obtaining legal assistance is strongly advised.**

3

    **Plaintiff is further advised that regardless of whether or not Plaintiff is represented by counsel, Plaintiff will be expected to comply with all the requirements and deadlines stated in the Court's scheduling order of November 14, 2005. As a party appearing <u>in</u> <u>propria</u> <u>persona</u>, Plaintiff is also required by Local Rule 83-182(f) to notify the Clerk and all other parties of any change of address or telephone number.**

    **A failure to comply with an order of the Court may result in a recommendation that the action be dismissed or other sanctions. Local Rule 11-110.**

IT IS SO ORDERED.

**Dated:  February 28, 2006**          /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE