**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHAUKAT "SAL" MAREDIA,**<br><br>              Plaintiff,<br><br>     v.<br><br>**PHILLIP MORRIS USA, and DOES 1 through 10, inclusive,**<br><br>              Defendants. | 1:05-CV-00393 OWW SMS<br><br>ORDER RE: PHILIP MORRIS USA INC.'S REQUEST FOR TERMINATING SANCTIONS. |

## I. INTRODUCTION

This lawsuit arises out of a contract dispute between Shaukat "Sal" Meredia ("Maredia" or "Plaintiff") and Philip Morris USA ("PM"). Plaintiff asserts that PM owes him money for promotional sales of cigarettes. PM contends that it overpaid Maredia and has filed a counterclaim to recover the overpayments.

Before the court for decision is PM's motion for terminating sanctions based upon Maredia's continuing failure to comply with his discovery obligations. (Doc. 66, filed May 31, 2006.) PM asserts that (1) Maredia has failed to respond to its discovery requests; (2) since Maredia's counsel withdrew as a result of Maredia's failure to cooperate with <u>him</u> during the discovery process, Maredia has failed to communicate with PM directly regarding discovery; and (3) Maredia has failed to appear for a

1

hearing on PM's motion to compel and has failed to comply with an order compelling discovery. Specifically, PM requests that Maredia's complaint be dismissed, that his answer to PM's counterclaims be stricken, and that default be entered against Maredia on PM's counterclaims. (*Id*. at 10.)

## II. **PROCEDURAL HISTORY**

### A. **The Underlying Lawsuit**.

Maredia and PM entered into a series of contracts in 2001 and 2002, pursuant to which Maredia could earn promotional payments based upon the sale of cigarettes at Maredia's retail stores. (Chanco Decl. at ¶4(a).) The agreements explicitly provide that Maredia is only entitled to promotional payments for sales to <u>adult</u> consumers in <u>face-to-face</u> transactions, and that Maredia was not entitled to payments fro products sold to other retailers, wholesalers, or trade accosts. (Chanco Decl. at ¶4(b).) Maredia's promotional payments were based on the volume of product sold pursuant to the agreement. PM relied upon Maredia to report his sales volume. (*Id*. at ¶¶4(a), 5.) PM asserts that in 2002 it learned that Maredia was seeking promotional payments for products sold to other retail, wholesale, and trade accounts. Based upon this knowledge, PM refused to make certain promotional payments to Maredia.

Maredia filed the instant lawsuit in February 2005, seeking to obtain the promotional payments PM refused to make. (Doc. 1, Notice of Removal, Ex. A.) PM removed on the basis of diversity (Doc. 1), and later filed a counterclaim based upon its belief that Meridia received significant overpayments from PM (Doc. 35).

**B.    The Alleged Discovery Violations**.

PM served Maredia with its First Set of Interrogatories and Requests for production on December 5, 2005. Answers were due on January 9, 2006. (Chanco Decl., ¶7, Exs. C & D.) Maredia, through his former counsel, Mr. Charles Doerksen, asked for and received two extensions to respond to the discovery requests. (*Id*. at ¶8.) A few days prior to the final due date, Doerksen informed PM that Maredia's discovery responses would not contain any substantive information because Maredia refused to cooperate with him in preparing answers. (*Id*.) Doerksen, on Maredia's behalf, served answers and responses on January 20, 2006, which were devoid of any substantive information. (*Id*. at ¶9, Ex. E & F.)

Counsel for both parties participated in a teleconference with Magistrate Judge Sandra M. Snyder on February 14, 2006, at which time Doerksen conceded that the discovery responses were deficient and that Maredia refused to cooperate with him. (Chanco Decl. at ¶11, Ex. H.) A hearing date of March 24, 2006, was set to hear PM's motion to compel further discovery and for sanctions. (*Id*. at ¶12.)

Doerksen, meanwhile, had moved to withdraw as counsel. (Doc. 51, filed Feb. 2, 2006.) While that motion was still pending, Doerksen agreed to convey a "meet and confer" letter prepared by PM to Maredia. (Chanco Decl. at ¶14.) The letter was emailed to Maredia by Doerksen on February 22, 2006. (Chanco Decl. at ¶14, Ex. L.) The letter advised Maredia of his obligations under Local Rule 37-251 to confer with counsel for PM

**3**

and asked Maredia to contact PM's counsel by March 14, 2006 to confer about discovery. (Chanco Decl. at ¶15, Ex. J.)

PM filed its notice of motion and motion to compel further discovery responses on February 22, 2006. (Doc. 54.) At the request of PM's counsel, Doerksen emailed a copy of the notice to Maredia on February 23, 2006. (Chanco Decl. at ¶16, Ex. M.)

On March 2, 2006, Doerksen's motion to withdraw was granted. (Doc. 57.) The order granting that motion advised Maredia to obtain counsel, informed him that he was expected to comply with the requirements and deadlines set forth in the original scheduling order, and warned maredia that failure to comply with an order of the court might result in a recommendation that the matter be dismissed. (Doc. 57 at 3-4.)

Maredia failed to communicate with PM by the March 14, 2006 deadline set forth in PM's "meet and confer" letter. (Chanco Decl. at ¶18.) PM filed a declaration with the court regarding this failure on March 17, 2006. (*Id*. at ¶19; Doc. 58.)

On March 24, 2006, counsel for PM appeared before Magistrate Judge Snyder on the motion to compel. (Chanco Decl. at ¶20.) Maredia failed to appear. (Doc. 59.) The Magistrate Judge granted PM's motion to compel and awarded $2,250 in monetary sanctions against Maredia, finding:

> (1) MAREDIA failed to provide adequate responses to PM USA's interrogatories and made improper boilerplate and baseless objections;
>
> (2) MAREDIA failed to produce any documents in response to PM USA's requests for production and once again made improper boilerplate and baseless objections; and

**4**

   (3) MAREDIA breached his discovery obligations under Local Rule 37-251 by ignoring attempts by counsel for PM USA to informally confer and attempt to resolve this discovery dispute, thereby prejudicing PM USA's right to obtain information relating to MAREDIA's claims and its preparations for trial.

(Doc. 62.)  The Order gave Maredia until April 14, 2006 "to serve full and complete answers and responses to all of PM['s] interrogatories and requests for production without objection, and to produce all documents in MAREDIA's possession that are responsive to all of PM['s] requests for production." (*Id.*)

 Maredia failed to serve any discovery upon PM by April 14, 2006, nor has he paid the monetary sanctions or otherwise communicated with counsel for PM. (*Id.*)  PM filed the instant request for terminating sanctions at the direction of the Magistrate Judge. (*See* Doc. 64.)  Maredia has filed no responsive documents.

### III. DISCUSSION

**A. Legal Standard**.

 Federal Rule of Civil Procedure 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including issuing:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

5

>> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
>> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. Pro. 37(b)(2). "Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978). "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

**B.   Defendant's Request that Maredia's Claims Be Dismissed**.

In this matter, Plaintiff has shown consistent and complete disregard for his discovery obligations. He has failed to respond with any substantive discovery, despite having the benefit of numerous extensions and despite several warnings from the court and counsel. Although Maredia is no longer represented by counsel, he was warned that his obligation to respond to discovery continued despite his pro se status. It has been more than two months since the issuance of the order on PM's motion to compel, which required Maredia to provide full and complete

6

answers and responses to PM USA's discovery by April 14, 2006 and ordered him to pay a $2,250 monetary sanctions to PM for noncompliance with his discovery obligations.  Maredia still has yet to produce a single substantive discovery response, has failed to pay the monetary sanction as orderd, and has failed to communicate either with counsel for PM or the court.  Given this pattern of conduct, and absent any contrary indication or communication from Plaintiff, it is appropriate to conclude that Maredia's failures constitute willful disobedience of this Court's Order and his discovery obligations.

    Having found that a plaintiff has wilfully disregarded his obligations, a court must weigh five factors in determining whether to impose a terminating sanction:

        (1)   the public interest in expeditious resolution of litigation;

        (2)   the court's need to manage its docket;

        (3    prejudice to other parties from the discovery violations (which includes inquiry into materiality of the evidence withheld);

        (4)   public policy favoring disposition of cases on their merits ; and

        (5)   whether less drastic sanctions are available and would provide effective deterrence for the particular violation.

*Hyde & Drath v. Baker*, 24 F.3d 1162, 1166-67 (9th Cir. 1994) The outcome usually depends on the third and fifth factors, as the first two usually favor the issuance of terminating sanctions for violating a court order, while the fourth usually weghs

**7**

against such sanctions. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

Here, PM argues that the Maredia's conduct has caused severe prejudice, essentially paralyzing PM's ability to defend against Maredia's claims.

> [The] prejudice caused by Maredia's discovery violations could not be more egregious. He has failed to produce a single document or interrogatory answer supporting the claims made in the complaints that he filed over a year ago seeking more than $300,000 in damages from PM USA. In essence, he has failed to produce any information upon which he can prosecute his claims, or that PM USA can analyze to defend Maredia's claims. As a result of Maredia's continuing failure to comply with his discovery obligations, PM USA cannot comply with the deadline of July 14, 2006 to make expert witness designations and disclosures as set forth in this Court's Scheduling Conference Order. Maredia has unilaterally nullified the Scheduling Conference Order and disrupted this Court's ability to manage its docket.

(Doc. 66 at 8-9.)  PM does not overstate the prejudice created by Maredia's total disregard of his obligations to the Court and to Defendant.

Moreover, no less drastic sanctions will effectively deter Maredia's conduct.  Plaintiff has offered no indication that he intents to comply with his obligations.  Dismissal of his claims against PM is appropriate under the circumstances.

Defendant's request that Maredia's claims against it be dismissed is **GRANTED**.

    **C.    Defendant's Request to Strike Maredia's Answer and for the Entry of Default**.

PM also requests that Maredia's answer to its counterclaims be stricken and that default be entered against Maredia on PM's counterclaims.  This request differs from PM's request for dismissal of Maredia's claims in one important respect:  the

**8**

record does not reflect that Maredia has ever been clearly warned that default judgment might be entered against him.  PM's request that Maredia's answer to its counterclaims be stricken and for entry of default against Maredia is **DENIED WITHOUT PREJUDICE**.  PM shall file any such motion separately.

### IV.   CONCLUSION

For the reasons set forth above, Defendant's motion for terminating sanctions is **GRANTED IN PART.**  Plaintiff's complaint in this case is **DISMISSED** for failure to comply with orders of the court and with his discovery obligations.  Defendant's request that Plaintiff's answer to its counterclaims be stricken and that default be entered against Plaintiff on those claims is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**

Dated: July 17, 2006

/s/ OLIVER W. WANGER

**OLIVER W. WANGER**
**United States District Judge**

9