UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUKAT "SAL" MAREDIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PHILIP MORRIS USA INC., et al., <br><br> Defendants. <br>_____<br> PHILIP MORRIS USA INC., <br><br> Counter-Claimant, <br><br> v. <br><br> SHAUKAT "SAL" MAREDIA, <br><br> Counter-Defendant. <br>_____ | 1:05-cv-00393-OWW-SMS <br><br> ORDER PERMITTING THE FILING OF SUPPLEMENTAL BRIEFING NO LATER THAN AUGUST 13, 2007 <br><br> INFORMATIONAL ORDER TO MOVING COUNSEL |

    Defendant and Counter-claimant Philip Morris USA, Inc. is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303. Counter-claimant has filed a motion for default judgment on the counterclaim.

    An application for a default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19), and it should include briefs pursuant to Local Rule 78-230(b). Thus,

when seeking a default judgment, a plaintiff should provide the Court with briefing containing citations to pertinent authority showing that the Plaintiff is entitled to the relief requested against the defaulting party. In the absence of such authority, the Court may vacate the hearing on the motion pending appropriate briefing, or the Court may be unable to recommend the granting of the requested relief.

Generally, the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2). Fed. R. Civ. P. 55(b)(2) provides in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The Court thus anticipates that a party seeking a default judgment will provide the Court with evidence sufficient to prove the amount of any damages sought. The party should also provide the Court with legal authority in support of the measure of damages sought to be applied by the party.

Here, the moving party has not provided the Court with legal authority concerning the measure of damages sought by the moving party. Further, although the moving party urges the Court to shift the burden of proof, it does not appear that the party has provided the Court with analogous case authority from California,

2

or any other jurisdiction, concerning the application of this principle in the context of an application for a default judgment.

Accordingly, it IS ORDERED that Defendant and Counter-claimant MAY FILE supplemental briefing no later than August 13, 2007, addressing the measure of damages and providing pertinent authority, including analogous case authority, concerning shifting the burden of proof in the context of an application for default judgment.

Further, in view of the form of the courtesy copy of the pertinent moving papers submitted to the Court, counsel for Defendant and Counterclaimant IS INFORMED that when a courtesy copy is delivered to the Court, it should be appropriately fastened and tabbed, and it should be clearly labeled "Courtesy Copy."

IT IS SO ORDERED.

**Dated:   July 27, 2007**             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE